UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DAVID J. MYERS,

         Plaintiff,

v.

UNKNOWN UNIDENTIFIED MAILROOM
PERSONNEL OF THE BUREAU OF
PRISONS MAILROOM STAFF AT
FCI-ENGLEWOOD, K. MORGAN,
R. HUFNAGLE, RENE GARCIA,
PAUL LAIRD, and HARRELL WATTS,

         Defendants.

Civil No. 13-3644 (PAM/JJK)

**REPORT AND RECOMMENDATION**

Plaintiff, a federal prisoner, commenced this action by filing a self-styled complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.) Plaintiff did not pay any filing fee for this action, but he instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The Court previously determined that Plaintiff's IFP application would not be addressed, and this action could not go forward, until after he paid an initial partial filing fee, as required by 28 U.S.C. § 1915(b)(1). (See Order dated January 13, 2014, [Docket No. 6].) Plaintiff subsequently paid an initial partial filing fee, (Docket No. 7), so the matter is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.[1] For the reasons discussed below, the

---

[1] The Court's prior order, (Docket No. 6), directed Plaintiff to submit an amended IFP application, as well as an initial partial filing fee. Although Plaintiff has not filed an amended IFP application, the Court finds that, given his initial partial filing fee payment, this action should proceed to the initial review stage prescribed by § 1915A.

Court finds that this action should be dismissed pursuant to § 1915A(b)(1).

## I. BACKGROUND

Plaintiff is an inmate at the Federal Correctional Institution – Englewood, ("FCI-Englewood"), a facility operated by the federal Bureau of Prisons, ("BOP"), which is located in Littleton, Colorado. Although many of the allegations in Plaintiff's pro se complaint are somewhat muddled, it is clear that all of the events giving rise to this action occurred while Plaintiff was confined at FCI-Englewood.

As far as the Court can tell, Plaintiff is alleging that in August 2012, he tried to send some "legal mail" from FCI-Englewood. Plaintiff claims that some prison official(s) at FCI-Englewood deliberately prevented his legal mail from reaching the intended recipient. Plaintiff apparently pursued various BOP administrative remedies seeking redress for the alleged "theft" of his legal mail. However, it appears that all of those efforts were unsuccessful.

Plaintiff is now attempting to sue several BOP employees who allegedly were involved in (a) the alleged theft of his legal mail, and (b) the allegedly wrongful rejection of his applications for administrative relief. Most of the named Defendants are employed at FCI-Englewood. (Complaint, p. 2, § II.) One of the Defendants allegedly is employed in Kansas, and another Defendant allegedly is employed in Washington D.C. (Id.) There are no allegations suggesting that any of the Defendants has any meaningful connection to the State of Minnesota.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from various government

2

employees, his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the complaint in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing."  28 U.S.C. § 1915A(a).  The Court must determine whether the pleading states an actionable claim, and should be allowed to proceed.  If a prisoner-plaintiff has failed to plead a viable claim, his complaint must be summarily dismissed.  28 U.S.C. § 1915A(b)(1).

In this case, it appears on the face of the complaint that Plaintiff's claims are based primarily on acts or omissions that allegedly occurred in the State of Colorado.  There are no allegations suggesting that any of Plaintiff's current claims are based on anything that happened in Minnesota.  It further appears that none of the named Defendants resides in Minnesota, and none of the Defendants has had any jurisdictionally significant contacts with the State of Minnesota.  It is therefore necessary to consider whether there is any proper basis for exercising personal jurisdiction over Defendants in the District of Minnesota.

A two-step analysis is used to determine whether a court can properly exercise personal jurisdiction over a defendant.  <u>Northrup King v. Compania Productora Semillas</u>, 51 F.3d 1383, 1387 (8th Cir. 1995).  First, the court must consider whether personal jurisdiction can properly be exercised under the state law of the forum state; more specifically, whether jurisdiction exists under the state's "long-arm statute."  <u>Id</u>. "Second, the court's exercise of jurisdiction must be consistent with the due process

clause of the Fourteenth Amendment." Id. "Minnesota [state] courts have concluded that if a non-resident's contacts with [the] State satisfy due process, the Minnesota long-arm statute also is satisfied." Id. The dispositive issue, therefore, is whether this Court can exercise personal jurisdiction over the named Defendants without violating the protections afforded by the due process clause.

"Due process allows a court to exercise personal jurisdiction over a non-resident defendant only if doing so is consistent with traditional notions of fair play and substantial justice." Id., citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The plaintiff must demonstrate that the non-resident defendant has had sufficient contacts with the forum state such that the defendant "'should reasonably anticipate being haled into court there.'" Northrup King, 51 F.3d at 1387, citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 297 (1980).

As noted above, there is nothing in the record in this case to suggest that there has been any jurisdictionally significant contact or connection between any named Defendant and the State of Minnesota. Plaintiff's complaint does not describe anything that any Defendant has done in Minnesota, which should have caused that Defendant to anticipate that he or she might be suable in this state. It is readily apparent that Plaintiff's claims are based entirely on matters that allegedly occurred in Colorado, and none of his current claims are based on anything that occurred in Minnesota. Thus, the Court finds that there is no proper basis for exercising personal jurisdiction over any named Defendant in the District of Minnesota.

When an IFP applicant files a complaint that does not include any allegations

supporting personal jurisdiction over the named defendant(s) the case can properly be dismissed, sua sponte. Sanders v. United States, 760 F.2d 869, 871-72 (8th Cir. 1985) (per curiam); see also, Martin-Trigona v. Smith, 712 F.2d 1421, 1424 (D.C.Cir. 1983). In the alternative, the Court may find that the action should be transferred to a district where personal jurisdiction might exist, pursuant to 28 U.S.C. § 1631.

Section 1631 provides that "[w]henever a civil action is filed in a court... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action... to any other such court in which the action... could have been brought at the time it was filed." A transfer under § 1631, rather than dismissal, is appropriate "when a plaintiff in good faith filed in the wrong court and the statute of limitations would have run before he could refile properly." Gunn v. United States Dep't of Agriculture, 118 F.3d 1233, 1240 (8th Cir. 1997), cert. denied, 522 U.S. 1111 (1998), citing In re Apex Oil Co., 884 F.2d 343, 346 (8th Cir. 1989); Hempstead County and Nevada County Project v. United States E.P.A., 700 F.2d 459, 463 (8th Cir. 1983). Thus, in order to determine whether the "interests of justice" require that a case be transferred, rather than dismissed, a court must consider whether dismissal of the action will affect the plaintiff's vulnerability to a statute of limitations defense. If the plaintiff can still refile his action in a proper court before the statute of limitations expires, then a transfer pursuant to § 1631 is unnecessary, and the case can simply be dismissed. Gunn, 118 F.3d at 1240 (transfer pursuant to § 1631 not required where Plaintiff could still bring a timely action in a proper court); cf. Gray v. Lewis & Clark Expeditions, Inc., 12 F. Supp.2d 993, 999 (D.Neb. 1998) (case transferred to court that had personal jurisdiction where it

appeared that the statute of limitations expired shortly after the case was filed in the transferor court).

Here, it appears on the face of Plaintiff's complaint that all of his claims are based on events that allegedly within the past two years. Plaintiff has not suggested, and the Court finds no reason to believe, that any of Plaintiff's current claims is subject to any imminent statute of limitations deadline.[2] Thus, the Court concludes that it would be preferable to dismiss Plaintiff's current complaint, rather than transfer this action to another district, (presumably the District of Colorado), pursuant to § 1631.

## III. CONCLUSION

For the reasons discussed above, the Court will recommend that this action be summarily dismissed, without prejudice, because the United States District Court for the District of Minnesota lacks personal jurisdiction over any of the named Defendants. Having determined that this action should be summarily dismissed, the Court will further recommend that Plaintiff's IFP application be denied, (see Sanders, supra; 28 U.S.C. § 1915(e)(2)(B)), and that Plaintiff's pending motion for appointment of counsel, (Docket No. 4), also be denied.

Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350 statutory filing fee.[3] To date, Plaintiff has paid $41.00, so he

---

[2] Plaintiff is attempting to bring this action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). It appears that a Bivens claim brought in Colorado is subject to a two-year statute of limitations. Adams v. Wiley, 398 Fed.Appx. 372, 373 (10th Cir. 2010) (unpublished opinion).

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other

still owes $309.00. Prisoner officials will have to deduct that amount from Plaintiff's institutional trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Plaintiff's motion to appoint counsel, (Docket No. 4), be **DENIED**;

3. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b); and

4. Plaintiff be required to pay the unpaid balance of the court filing fee, namely $341.00, in accordance with 28 U.S.C. § 1915(b)(2).

Dated: May 14, 2014

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by

---

words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action").

filing with the Clerk of Court, and serving all parties by **June 1, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.   All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.